

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES T. MOORE <br>     Plaintiff <br> v <br> ERIC K. SHINSEKI, Secretary, <br> United States Department of Veterans Affairs <br>     Defendant | Civil Action No.: <br><br> 10-4463 |

## COMPLAINT AND JURY TRIAL DEMAND

FILED SEP - 2010

### I. INTRODUCTION

1. Plaintiff, James T. Moore, claims a sum in excess of One Hundred Thousand Dollars ($100,000) in damages and upon his cause of action, avers as follows:

2. This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations of Plaintiff's rights under federal law by the Defendant.

3. This action arises under the Civil Rights Act, 42 U.S.C. Section 2000e et seq., (Title VII), and as amended in 42 U.S.C Section 1981a, which prohibits discrimination in employment on the basis of race and for retaliation for engaging in protected activity under the statute, and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, deliberate and intentional discrimination and retaliation by the Defendant against Plaintiff.

### II. JURISDICTION, VENUE AND PARTIES

4. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. 1331, which provides for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America. The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. 1391(c).



5. All conditions precedent to the institution of this suit has been fulfilled. Plaintiff filed his complaint with the governmental agency and has exhausted his administrative remedies before bringing this lawsuit. Plaintiff is a federal employee, and on July 15, 2010, a final agency decision and Notice of Right to Sue Defendant in the District Court on his claims was sent to the Plaintiff by Defendant.

6. Plaintiff is an adult individual, and belongs to a protected class under the Title VII. Plaintiff is black and African-American.

7. Defendant Eric K. Shinseki is the Secretary of the Department of Veterans Affairs and therefore the appropriate individual to be named as defendant in this case.

### III. BRIEF STATEMENT OF FACTS

8. Plaintiff has been employed by the Department of Veterans Affairs Medical Center since September 1990. In 2002 Plaintiff assumed the position of Program Support Assistant/Mail Coordinator.

9. On or about October 21, 2006, Ms. Holly Leahy (white female) was assigned to the mailroom. Over the next year Ms. Leahy subjected African American co-workers to racially derogatory comments such as "black women are ugly"; she referred to Harry Maxwell (African American) as "Buckwheat". On one occasion, Ms. Leahy witnessed two minority children (ages four and five) playing in the hall way. Ms. Leahy told several co-workers that the little girls were in the hallway "acting like sluts".

10. Not only did Ms. Leahy subject her fellow co-workers to comments of a racially derogatory nature, but she also openly participated in discussions of a sexual nature. For example, Ms. Leahy stated she gave lap dancing for her boyfriend at his birthday party;

she referred to Plaintiff as "Jamesie Pooh"; and discussed matters such as sexual orientation. On one occasion Ms. Leahy, and Mrs. Dade had a conversation about who would Ms. Leahy sleep with in the mail room.

11. Defendant never disciplined Ms. Leahy for all these racial harassment and inappropriate sexual comments in the work place.

12. On or about November 20, 2007 Ms. Leahy filed a false complaint of sexual harassment against Plaintiff. Defendant thereafter initiated an internal investigation of Ms. Leahy's false allegations against Plaintiff.

13. During the course of the investigation, Michele Dade stated she heard Ms. Leahy refer to Harry Maxwell as "Buckwheat" and referred to two girls as sluts. Harry Maxwell provided a statement which outlined the "Buckwheat" comment. He also indicated that he heard Ms. Leahy, (1) use "a lot of profanity," (2) engage in sexual conversations regarding her lap dance performance and sexual orientation; (3) referred to two minority children as sluts; (4) referred to black women as Beyonce as ugly and (5) made a comment "Barack means terrorist" pertaining to President Barack Obama.

14. The allegations by Ms. Leahy could not be substantiated. Instead of disciplining Ms. Leahy for filing a false complaint and participating in behavior in violation of its Anti-Discrimination and Sexual Harassment policies, Defendant opted to launch a "second investigation" of Ms. Leahy's false allegations, conducted by the Administrative Board of Investigation (hereinafter "Board").

15. In its findings, the Board found Ms. Leahy openly discussed her participation in teasing, joking and discussions of a sexual and racial nature. For example she admitted to discussing lap dancing, in the context of her boyfriend's birthday party, calling Plaintiff

"Jamesie Pooh" and describing a co-worker's hair as "Buckwheat" like in appearance. Yet Defendant never subjected Ms. Leahy to any disciplinary action for admittedly violating the anti-discrimination policy and laws.

16. On or about June 24, 2008, Mr. Phil Hatsis issued correspondence to Plaintiff which outlined his intent to subject Plaintiff to disciplinary action and remove Plaintiff from his position as a result of the Board's investigation.

17. Plaintiff thereafter opposed and complained about the discriminatory investigation and its findings. Plaintiff was thereafter issued a fourteen day suspension.

18. Plaintiff asserts that the Defendant subjected him to discriminatory adverse actions based on his race (African American) and gender (Male) in violation of Title VII of the Civil Rights Act of 1964. Ms. Leahy (white female) admittedly violated both the Anti-discrimination and sexual harassment Policies yet she was not subjected to a disciplinary action. Additionally, when supervisor Joe Delosi (white male) violated the Sexual harassment policy referring to Edith Lomax (African-American female) as a "cunt". The allegations of Ms. Lomax's complaint were substantiated, however, no disciplinary action was taken against Mr. Delosi. Phillip Hatsis (white male), Vice President of Facilities Management Services, made the decision not to subject Mr. Delosi to disciplinary action for policy violation committed against an African-American female that was sustained. Yet he suspended Plaintiff based on false allegations that were not substantiated.

19. Instead of conducting a fair and credible investigation, the Board dragged the investigation for seven months, subjecting not only the Plaintiff but other African American employees to a hostile and demanding work environment. The racially

derogatory demeanor was presented in the actions of the Board and the investigation notes. Said notes insults the African-American employees by insinuating they are liars even though the testimony provided by each is consistent with Ms. Leahy's own admissions of inappropriate behavior.

20. Also, during the course of the VA Police investigation, an African-American male officer Dave (LNU) was assigned the case. The officer was removed from the matter prior to the conclusion of the investigation. Defendant stated that the officer related to the African American witnesses and presented a conflict of interest. But the Caucasian members of the Board were not removed, since they could be said to "relate to the Caucasian accuser".

21. Plaintiff also alleges that the disciplinary action issued to him by Defendant on or about September 2008 was retaliatory because of Plaintiff's opposition to the discriminatory investigation and the discriminatory practices of the investigating team.

22. On or about November 29, 2007, Plaintiff was called in for an interview in conjunction with Ms. Leahy's complaint. At this meeting, the investigating officer read Plaintiff his Miranda Rights and informed Plaintiff that this was a criminal investigation. Plaintiff was told he would not be made aware of the charges against him unless he agreed to answer the officer's questions. As such Plaintiff exercised his Constitutional rights and decided not to answer any questions at the time, and retained an attorney. Under VA policy, Plaintiff had the right to deny participation without been subjected to any retaliation for refusing to participate. However, Defendant subjected Plaintiff to retaliatory suspension.

23. During the referenced conversation on or about November 29, 2007, Plaintiff complained about the unfairness of the investigation in that the complaint was launched by a white

female and the investigation was to be conducted by her peers; that the one African American male officer was removed from the investigation because he allegedly related to the African American witnesses; that the method of investigation and the removal of the African American male officer are discriminatory in that Caucasian employees who are the subject of an investigation are not treated in this same manner. In addition, Plaintiff alleged that the second investigation was launched based on the fact the complaining party is Caucasian. In the past African-American employees have opposed the discriminatory practices of the VA yet no action was taken.

24. On April 9, 2008 Plaintiff contacted an EEO counselor to file a Discrimination Complaint against the Department of Veterans Affairs, (Case No.200H-0642-2008102541). On June 23, 2008 Plaintiff received a notice of a decision regarding his EEO Complaint, which stated in part that because Plaintiff had not received any adverse action against him his race discrimination claim would be denied.

25. On September 2, 2008 Plaintiff was issued a two week suspension.

26. The time-line of events clearly show that the suspension was retaliatory; the Board's investigation concluded on February 8, 2008. On April 1, 2008 Plaintiff received an e-mail from Ahmed Hassan (Operations Manager) stating that it was a recommendation of the investigation board and personnel that everyone should take sexual harassment training. No disciplinary action was mentioned or taken at the time. On April 9, 2008 Plaintiff filed a race discrimination complaint with the VA's EEO counselor regarding the discriminatory practices by Defendant related to the false allegations against him; Defendant dismissed Plaintiff's EEO complaint on June 23, 2008. On September 2, 2008, Plaintiff received a letter of suspension.

6

## IV. STATEMENT OF CLAIM

### COUNT ONE- TITLE VII VIOLATION- RACE DISCRIMINATION

27. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through twenty-six (26) above as if same were fully set forth at length herein.

28. The acts and conduct of Defendant through its agents, officers, employees, and officials as stated above where Plaintiff was treated differently on the basis of his race as to the terms, compensation, conditions, privileges and benefits of employment was a violation of Title VII.

29. As a direct result of the said discriminatory practices of Defendant in violation of Title VII, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, physical and bodily injuries, emotional distress, humiliation, and damage to reputation.

### COUNT TWO- TITLE VII VIOLATION-RETALIATION

30. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through twenty-nine (29) above as if same were fully set forth at length herein.

31. The acts and conduct of Defendant through its agents, officers, employees, and officials as stated above where Plaintiff was subjected to adverse employment actions after engaging in protected activities under Title VII were violations of Title VII.

32. As a direct result of the said retaliatory practices of Defendant in violation of Title VII, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damage to reputation.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully demands judgment against Defendant and request that this Court:

A. Enter judgment against Defendant for back pay, front pay, loss of income, pre and post judgment interests, costs of suit, compensatory damages, punitive damages, attorneys' fees and expert witness fees as permitted by law; and

B. Award such other relief, as the Court may deem necessary and just, including but not limited to an Order to make whole and to remove all records of disciplinary actions related to Ms. Leahy's false allegations from Plaintiff's employment records.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all questions of fact raised by this complaint.

/s/ *Olugbenga O. Abiona*
_____
Olugbenga O. Abiona, Esquire
1433 South 4th Street
Philadelphia, PA 19147
(215) 625-0330
Attorney ID. No. 57026
Attorney for Plaintiff

Dated: September 1, 2010